UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22354-BLOOM

JORGE NIMER ROLO,

        Petitioner,

v.

WARDEN, FEDERAL CORRECTIONAL
INSTITUTION—MIAMI,

        Respondent.
_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court upon *pro se* Petitioner Jorge Nimer Rolo's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF No. [1],[1] and supporting Memorandum, ECF No. [3], both filed on June 11, 2023.[2] Petitioner challenges the Federal Bureau of Prisons' ("BOP") purported revocation of 470 days of Federal Time Credits that he earned under the First Step Act of 2018; Petitioner requests that 365 days of his illegally revoked Federal Time Credits be applied to reduce his term of supervised release in accordance with 18 U.S.C. §§ 3632(d)(4)(C) and 3624(g)(3). *See* ECF No. [3] at 1-2, 6-9.[3] Respondent United States

---

[1] The Court cites filings in Petitioner's criminal case, 14-cr-20220-JAL, as "CR ECF No."; filings in the civil case before the Court are cited using "ECF No."

[2] Under the prison mailbox rule, "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil,* 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009) (citations omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States,* 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted).

[3] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

("Respondent") filed a Response, ECF No. [7], to which Petitioner filed a Reply, ECF No. [8].[4] For the following reasons, the Petition is denied.

## I. BACKGROUND

Petitioner is a federal prisoner currently on supervised release in Hialeah, Florida. *See* ECF No. [1] at 1; ECF No. [3] at 2; ECF No. [7-1] at 2. Petitioner is on home confinement following his guilty plea to conspiring to sell stolen goods valued more than $5,000.00, in violation of 18 U.S.C. §§ 371 and 2315, and laundering over $10,000.00, in violation of 18 U.S.C. § 1957. *See* CR ECF No. [182] at 1-4, 5-6; CR ECF No. [195] at 1; ECF No. [7-1] at 1. For his crimes, the Court sentenced Petitioner to a 108-month term of imprisonment, to be followed by three years of supervised release. *See* CR ECF No. [202] at 2-3; ECF No. [7-1] at 1. Petitioner received an early transfer to supervised release on December 3, 2021, pursuant to 18 U.S.C. § 3621(e).[5]

## II. LEGAL STANDARD

Title 28 U.S.C. § 2241 permits district courts to grant habeas relief for petitioners held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). A federal prisoner may use § 2241 "to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1093 (11th Cir. 2017) (en banc) (citation omitted).

## III. DISCUSSION

It is unclear to the Court whether Petitioner exhausted his administrative remedies prior to filing the instant Petition. However, whether Petitioner did so is ultimately of no consequence as the Petition must be denied on the merits.

---

[4] Petitioner also filed a duplicate Reply, ECF No. [9].
[5] *See* BOP Inmate Locator, Register Number 38728-004, available at https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last accessed Dec. 27, 2023); ECF No. [7-1] at 1-2.

### A. Exhaustion

Before initiating a proceeding under 28 U.S.C. § 2241, a petitioner must exhaust his administrative remedies. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). The exhaustion requirement applies to the computation of sentence credit awards. *See United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 *after* the exhaustion of administrative remedies." (emphasis added; citation omitted)). Exhaustion requires that the inmate follow the terms and timelines set by BOP guidelines. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (explaining that "the law of habeas . . . requires proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules" (citations and footnote call number omitted)).

Here, it is unclear whether Petitioner exhausted his administrative remedies before filing the instant Petition. However, even if Petititioner had exhausted those remedies, the Court denies the Petition on the merits. *See Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 859 (11th Cir. 2020) ("[A] court 'may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question.'" (quoting *Santiago-Lugo*, 785 F.3d at 475)).

### B. Merits

Petitioner raises two grounds for relief in the instant Petition. In Ground One, Petitioner argues that the BOP revoked his First Step Act Federal Time Credits without due process. *See* ECF No. [1] at 6-7. Next, in Ground Two, Petitioner argues that the BOP violated the language of 18 U.S.C. §§ 3632(d)(4)(C) and 3624(g)(3) by failing to apply his Federal Time Credits to his term of supervised release. Neither ground establishes an entitlement to habeas relief.

The First Step Act of 2018 empowered the BOP to create a program that rewarded prisoners who successfully completed recidivism reduction programming; such rewards included the accrual of Federal Time Credits that could be applied to a prisoner's early transfer to prerelease custody

or supervised release. *See* 18 U.S.C. § 3632(d). Congress gave the BOP two years to "phase in" the program's implementation. *See Blanco v. Joseph*, No. 21-cv-904, 2021 WL 4444970, at *2 (N.D. Fla. Aug. 26, 2021) (citing 18 U.S.C. § 3261(h)(2)(A)), *report and recommendation adopted*, No. 21-cv-904, 2021 WL 4440438 (N.D. Fla. Sept. 28, 2021). During this "phase-in" period—which lasted from January 2020 to January 2022—the BOP's application of Federal Time Credits was "permissible . . . not mandatory." *Kennedy v. Yates*, 21-cv-32, 2021 WL 3710665, at *2 (E.D. Ark. July 12, 2021) (emphasis added; quoting *Holt v. Warden*, 20-cv-4064, 2021 WL 1925503, at *5 (D.S.D. May 13, 2021)); *see also Kennedy-Robey v. FCI Pekin*, 2021 WL 797516, at 4 (C.D. Ill. Mar. 2, 2021) ("If immediate implementation were mandated, Congress would have used the word 'shall' and not 'may' in 18 U.S.C. § 3621(h)(4). . . . [W]hile the statutory language may 'anticipate[] that some prisoners will complete the programs within the 2-year phase-in period,' his does not mean that the statute requires the time credits for completed programs to be applied during the 2-year phase-in period" (quoting *Goodman v. Ortiz*, No. 20-cv-7582, 2020 WL 5015613, at *6 (D.N.J. Aug. 25, 2020)).

  1. *Ground One*

Petitioner offers no evidence that would allow the Court to conclude that the BOP revoked his Federal Time Credits earned under the First Step Act without due process. Petitioner fails to provide information regarding his participation in recidivism reduction programs that form the basis of his purported entitlement to Federal Time Credits. *See generally* ECF No. [1]; ECF No. [8]. The only reference the Court can find to Petitioner's participation in a recidivism reduction program appears in Respondent's Exhibit, which states that Petitioner "successfully complet[ed] the Residential Drug Abuse Program" and, because of his participation, he received an early transfer to supervised release under 18 U.S.C. § 3621(e). ECF No. [7-1] at 2. Further, Petitioner provides no evidence substantiating his claim that the BOP affirmatively revoked his Federal Time

Credits—nor can he. While Petitioner does not state when he accrued the Federal Time Credits in question, those credits were necessarily accrued between December 21, 2018—the date on which federal prisoners began to earn First Step Act Federal Time Credits for eligible programs—and December 3, 2021, the date of Petitioner's transfer to supervised release. *See* 28 C.F.R. § 523.42(b); ECF No. [7-1] at 1-2. As of December 3, 2021, however, the procedures regarding the earning and application of Federal Time Credits—as authorized by the First Step Act of 2018—had not been finalized. The program Petitioner now uses to calculate his Federal Time Credits thus did not exist during the relevant period, meaning the BOP had not technically calculated or awarded Petitioner any Federal Time Credits. Therefore, Petitioner's argument that the BOP revoked his Federal Time Credits without due process fails to establish entitlement to habeas relief.

2. ***Ground Two***

Even assuming that Petitioner earned Federal Time Credits prior to his release, the BOP was not required to calculate and apply Federal Time Credits until after the aforementioned "phase-in" period ended and, as already discussed, Petitioner was released before that period ended.[6] Accordingly, Petitioner's argument that the BOP violated 18 U.S.C. §§ 3632(d)(4)(C) and 3624(g)(3) by failing to apply his Federal Time Credits to his term of supervised release also fails to establish entitlement to habeas relief.

Petitioner argues that those Federal Time Credits can still be of use to him, as he asks the Court to retroactively change his release date from December 3, 2021, to December 3, 2020, in accordance with §§ 3632(d)(4)(C) and 3624(g)(3). *See* ECF No. [8] at 4. However, Petitioner's

---

[6] If Petitioner had still been in custody after the "phase-in" period ended, he would have been entitled to receive retroactive time "for programming and activities [he] participated in beginning December 21, 2018, the date of the [First Step Act's] enactment." *White v. Warden, Fed. Corr. Inst. - Cumberland*, No. 22-cv-2371, 2023 WL 4867562, at *7 (D. Md. July 31, 2023) (citation omitted); *see* 28 C.F.R. §§ 523.42(b)(1)-(2).

purpose in requesting this retroactive change is to shorten the period of his supervised release. *See* ECF No. [1] at 7, 9; ECF No. [8] at 3. The Supreme Court has stated that the purpose of 18 U.S.C. § 3624, which governs the terms of a prisoner's release, is "to assist individuals in their transition to community life" and that this purpose would be undermined if prisoners could "offset and reduce [their] terms of supervised release." *United States v. Johnson*, 529 U.S. 53, 59 (2000).

Some district courts interpreting *Johnson* have found that Federal Time Credits cannot be applied to a term of supervised release. *See, e.g.*, *Alexander v. Joseph*, No. 22-cv-23874, 2023 WL 6798866, at *2 (N.D. Fla. Sept. 12, 2023) ("[Section 3624] does not provide for shortening a term of supervised release based on [First Step Act] credits[.]" (citing *Johnson*, 529 U.S. at 60)), *report and recommendation adopted*, No. 22-cv-23874, 2023 WL 6794979 (N.D. Fla. Oct. 13, 2023); *Garland v. Johnson*, No. 19-cv-0053, 2019 WL 5106274, at *1 (W.D. La. Aug. 12, 2019) ("[F]ederal law provides that [Federal Time Credits cannot] be used [] to shorten the period of [a prisoner's] supervised release[.] (citing 28 C.F.R. § 2.35(b), *Johnson*, 529 U.S. at 60; other citation omitted)), *report and recommendation adopted*, 2019 WL 5108184 (W.D. La. Oct. 11, 2019). Accordingly, even if Petitioner earned Federal Time Credits prior to his release, those Federal Time Credits are not properly applied to Petitioner's term of supervised release.

Petitioner accordingly fails to establish that he was deprived of First Step Act Federal Time Credits in violation of his due process rights because he fails to show: (1) that he participated in recidivism reduction programs that would entitle him to Federal Time Credits and (2) that the BOP affirmatively deprived him of earned Federal Time Credits without due process. Moreover, even if Petitioner has outstanding Federal Time Credits, he cannot apply those outstanding credits to his term of supervised release.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Case No. 23-cv-22354-BLOOM

1. The Petition, **ECF No. [1]**, is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 3, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jorge Nimer Rolo, *PRO SE*
631 East 48th Street
Hialeah, Florida 33013